# IN THE SUPREME COURT OF THE STATE OF NEVADA

BRIAN WILLIAMS, WARDEN,
Appellant,
vs.
MALCOLM WIGGINS,
Respondent.

No. 74925

**FILED**

JAN 17 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER AFFIRMING IN PART AND REVERSING IN PART

This is an appeal from a district court order granting a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Linda Marie Bell, Judge. The State argues that the district court erred by granting respondent's petition in full. We agree.

In his petition, respondent argued that he was entitled to have credits earned pursuant to NRS 209.4465 deducted from the minimum terms of each of his sentences, which had been aggregated. The district court concluded that, pursuant to the statutory provisions in effect when respondent committed his offenses in 2015, he was entitled to have credits deducted from the minimum term of his sentence for pandering, but not from his sentence for second-degree kidnapping. Nevertheless, the district court granted respondent's petition in full and directed the Nevada Department of Corrections (NDOC) to deduct credits from the aggregated minimum sentence.

The district court erred when it ordered NDOC to deduct credits from the minimum term of respondent's sentence for second-degree kidnapping—a category B felony. *See* NRS 209.4465(8)(d); *see also* NRS 213.1212(2) (credits may only be earned to the extent that the credits would

19-02826

be earned had the sentences not been aggregated).[1] The district court's conclusion that application of NRS 209.4465(8)(d) violated the Ex Post Facto Clause of the United States Constitution was erroneous, because the provision was enacted in 2007 and appellant committed his offenses in 2015. Accordingly, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc:  Hon. Linda Marie Bell, Chief Judge
     Attorney General/Carson City
     Attorney General/Las Vegas
     Malcolm Wiggins
     Eighth District Court Clerk

---

[1]It does not appear that respondent presented any evidence that NDOC could not correctly apply the appropriate credits within his aggregated sentence.